IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| KATHLEEN ANN BLANC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV09-00121-E-LMB |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| IDAHO DEPARTMENT OF | ) | |
| CORRECTION, BRENT REINKE, | ) | |
| DIRECTOR, POCATELLO | ) | |
| WOMEN'S CORRECTIONAL | ) | |
| CENTER, FELICIA FUNK, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff's prisoner civil rights Complaint was conditionally filed by the Clerk of

Court due to her request for in forma pauperis status.  The Court now reviews the

Complaint to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§

1915(e) and 1915A.  The Court also reviews Plaintiff's Motion to Proceed in Forma

Pauperis.

## I.

### STANDARD OF LAW

The Court is required to review prisoner and in forma pauperis complaints seeking

relief against a governmental entity or an officer or employee of a governmental entity to

**INITIAL REVIEW ORDER  1**

determine whether summary dismissal is appropriate.  28 U.S.C. §§ 1915(e) and 1915A.
The Court must dismiss a complaint or any portion thereof that states a frivolous or
malicious claim, that fails to state a claim upon which relief may be granted, or that seeks
monetary relief from a defendant who is immune from such relief.  28 U.S.C. §
1915(e)(2)(B); 28 U.S.C. § 1915A.

Plaintiff brings her claims under 42 U.S.C. § 1983, the civil rights statute.  To state
a claim under § 1983, a plaintiff must allege a violation of rights protected by the
Constitution or created by federal statute proximately caused by conduct of a person
acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

## II.

## REVIEW OF COMPLAINT

Plaintiff alleges that her constitutional right to "legal access" has been denied by a
prison paralegal at the Pocatello Women's Correctional Center, Felicia Funk.   In
particular, she claims that Ms. Funk has "denied envelopes, paper, legal packets, timely
mailing of documents and receiving mail timely, shred[ed] legal request forms, [and]
fabricated threats of sanctions."   (Complaint, p. 18A.)

In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Supreme Court held that "the
fundamental constitutional right of access to the courts requires prison authorities to assist
inmates in the preparation and filing of meaningful legal papers by providing prisoners
with adequate law libraries or adequate assistance from persons trained in the law."

In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court explained the

**INITIAL REVIEW ORDER  2**

limitations of the *Bounds* holding.  There, the Court emphasized that "the Constitution does not require that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts–a more limited capability that can be produced by a much more limited degree of legal assistance."  *Id*. at 360.  To state a claim, the prisoner must also show that he suffered an actual injury as a result of the alleged denial to access, such as having a complaint dismissed for "for failure to satisfy some technical requirements" due to the prison's interference, or by being "so stymied [by denial of legal access] that [the prisoner] was unable even to file a complaint."  *Id.*  In addition, the Supreme Court held that the right does not encompass every type of legal proceeding; rather, it is limited to direct appeals from convictions, habeas petitions, and civil rights actions to "vindicate basic constitutional rights."  *Id*. at 354 (citations omitted).

    In accordance with these standards, to state a claim Plaintiff must allege not only that Ms. Funk failed to provide her with packets, envelopes, paper, copies, or other assistance, but also that those actions hindered her ability to develop a particular legal claim or to litigate a case that she would be entitled to pursue as a prisoner under *Bounds* and *Casey*.  For the majority of her Complaint, Plaintiff has failed to provide allegations of an actual injury, focusing instead on more generalized grievances against Ms. Funk and the "legal department" at PWCC.  The Court has found only two specific instances in which Plaintiff contends that her ability pursue legal cases was actually hindered, but neither of these instances, as currently pled, supports a cause of action.

**INITIAL REVIEW ORDER  3**

First, Plaintiff contends that because Ms. Funk gave her incorrect information regarding where to file a Notice of Tort Claim, her subsequent state court case was dismissed on a procedural basis.  However, in the absence of any allegation that the dismissed case involved a criminal or related matter, or that it included civil rights claims, Plaintiff has failed to show that it was the type of case for which she retained a right to access the courts while in prison.[1]  *See Casey*, 518 U.S. at 355 (limiting the right of access to criminal appeals, habeas petitions, civil rights actions, and the like).  This holds equally true with respect to Plaintiff's assertion that Ms. Funk refused to make copies of various legal documents so that she could send them to the Idaho State Bar as part of a some type of "grievance proceeding," or to the American Civil Liberties Union for an unknown purpose (she does not assert that the ACLU represented her as legal counsel).  As noted, a prisoner does not enjoy an absolute constitutional right to prison legal assistance so that she can raise all claims in any legal or quasi-legal proceeding, regardless of the subject matter.

Second, Plaintiff discusses the dismissal of her state post-conviction action, which ordinarily would be the type of case for which she retained a right to pursue, but she does not point to a specific action by a prison official that caused that case to be dismissed. Instead, she contends that she was under a great amount of stress, some of which was due

---

[1] The Court further notes that Plaintiff's allegation regarding Ms. Funk's advice appears to show, at worst, negligent conduct by Ms. Funk.  Negligence is not actionable under § 1983.  *Daniels v. Williams*, 474 U.S. 327 (1986).  Rather, Plaintiff must present facts alleging at least deliberate indifference or recklessness.  *See Redman v. County of San Diego*, 942 F.2d 1435, 1445 n.13  (9th Cir. 1991).

**INITIAL REVIEW ORDER  4**

to her frustration with the legal department at PWCC, and that she missed a court-imposed deadline to file a response.  (Complaint, pp. 18-H-18K.)  The alleged connection between the actions of prison officials and Plaintiff's failure to respond to the deadline is simply too attenuated to support a claim.

All of Plaintiff's other allegations involving Ms. Funk's lack of responsiveness to her concerns either are not tied to any particular legal proceedings or do not show a cognizable injury.  Accordingly, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. The Court will give Plaintiff leave to file an amended complaint so that she has an opportunity to cure the deficiencies noted herein.  If Plaintiff chooses to file an amended complaint, she must include specific facts showing how each named defendant's actions or omissions impaired a legal claim or case for which she had a constitutional right to access the courts, as set forth above, and she must allege the injury or damage that she suffered as a result.

Finally, while Plaintiff has not clearly or sufficiently stated a claim for relief based on a theory of retaliatory conduct, some aspects of her Complaint suggest that she believes that such conduct occurred.  Therefore, Plaintiff is further advised that if she intends to include a claim of retaliation in an amended complaint, she must clearly list it as a separate claim and allege supporting facts showing the following: (1) that a state actor took some adverse action against her (2) because of (3) her protected conduct, and that such action (4) chilled her exercise of her First Amendment rights, and (5) the action

**INITIAL REVIEW ORDER  5**

did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that within 30 days of the date of this Order, Plaintiff shall file an amended complaint that conforms with the instructions above, or her case may be subject to summary dismissal.

IT IS FURTHER ORDERED that Plaintiff's Application to Proceed In Forma Pauperis (Docket No. 1) and Motion for Appointment of Counsel (Docket No. 3) are deemed MOOT.  The Court will reconsider Plaintiff's Application and Motion together with any amended complaint that she files.  Plaintiff is advised, however, that she must submit a certified copy of her prison trust account covering the six-month period immediately proceeding the filing of the complaint rather than an uncertified copy

**INITIAL REVIEW ORDER  6**

covering just the previous month.



DATED:  **May 22, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge

**INITIAL REVIEW ORDER  7**